# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

EMORY CLASH JONES,
*Defendant-Appellant.*

No. 00-4260

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CLEVON TYRONE JOHNSON, a/k/a Big Ty,
*Defendant-Appellant.*

No. 00-4291

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-97-309-L)

Submitted: December 21, 2000

Decided: January 9, 2001

Before Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

David R. Solomon, Baltimore, Maryland; Arcangelo M. Tuminelli, Baltimore, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Angela R. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Emory Clash Jones and Clevon Tyrone Johnson pled guilty to conspiracy to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846 (1994). They were sentenced to 188 months and 210 months, respectively. On appeal, Jones claims that the district court erred in denying his motion to withdraw his guilty plea. Johnson maintains that the district court erred in increasing his base offense level by two levels under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998) for possessing a dangerous weapon.

We first address Jones' claim that the district court erred in denying his motion to withdraw his guilty plea. A defendant has no absolute right to withdraw a plea of guilty. *United States v. Ewing*, 957 F.2d 115, 118 (4th Cir. 1992). This Court reviews the district court's refusal to allow a defendant to withdraw a guilty plea under Fed. R. Crim. P. 32 for abuse of discretion. *United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996). Rule 32 of the Federal Rules of Criminal Procedure permits withdrawal of a guilty plea if the "defendant shows any fair and just reason." Fed. R. Crim. P. 32(e).

A trial court, when considering whether to allow a defendant to withdraw a guilty plea, must apply the six-factor analysis announced by this Court in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.

1991). Under *Moore*, a district court considers: (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. *Id.* Although all the factors in *Moore* must be given appropriate weight, the key to determining whether a Rule 32(e) motion should be granted is whether the Rule 11 hearing was properly conducted. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). This Court closely scrutinizes the Fed. R. Crim. P. 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

In this case, the district court heard argument on Jones' motion and concluded that Jones did not present a "fair and just reason" warranting withdrawal of his guilty plea. Having reviewed the transcript of the hearing in light of Jones' argument on appeal, we find no abuse of discretion in the court's denial of Jones' motion.

With respect to Johnson, we have reviewed the district court's application of the two-level enhancement under USSG § 2D1.1(b)(1) and USSG § 1B1.3 for possession of a dangerous weapon and find no clear error. *See United States v. Rusher*, 966 F.2d 868, 880 (4th Cir. 1992) (setting standard).

Accordingly, we affirm Jones' and Johnson's respective convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*